UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLANDA ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:10-cv-00136-DML-JMS |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration ) | |
| ) | |
| Defendant. | |

## Entry on Motion for Attorneys' Fees

This matter is before the court on the motion and supplemental motion (Dkts. 40, 48) by plaintiff Carlanda Anthony for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), following the court's entry of judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. Ms. Anthony seeks an award of $6,890.40.

Section 204(d) of the EAJA, 28 U.S.C. §2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her reasonable attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney. 28 U.S.C. §2412(d)(1)(B). Financial means tests also affect eligibility for a fee award, §2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act.

The Commissioner opposes Ms. Anthony's fee request on the ground that the Commissioner's position was substantially justified, an issue for which the Commissioner bears

the burden of proof. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct (including the ALJ's decision) and its litigation position, and then makes one determination as to the entire civil action. *Id.*; *Bassett v. Astrue,* 641 F.3d 857, 860 (7th Cir. 2011); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.") The Commissioner's position must have had reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct. *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1996) (citing *Pierce*, 487 U.S. at 566 n.2). The test is whether the Commissioner "had a rational ground for thinking that [he] had a rational ground for denying benefits." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

### A.     The Commissioner has not met his burden that his position was substantially justified.

Recent decisions by the Seventh Circuit provide guideposts for assessing when the Commissioner's position is and is not substantially justified. In *Stewart v. Astrue,* 561 F.3d 679 (7th Cir. 2009), the district court had remanded the denial of benefits but denied fees under the EAJA. The Seventh Circuit reversed the denial of fees, finding that the ALJ's decision had "contravened longstanding agency regulations, as well as judicial precedent," both in deciding the plaintiff's residual functional capacity and then in formulating the hypothetical question to the vocational expert. *Id.* at 684. Also, in *Golembiewski v. Barnhart,* 382 F.3d 721 (7th Cir. 2004), the Seventh Circuit reversed a district court's denial of fees under the EAJA because the ALJ and the Commissioner had "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Id.* at 724.

2

On the other side of the EAJA boundary, by comparison, are *Bassett v. Astrue,* 641 F.3d 857 (7th Cir. 2011), *Cunningham v. Barnhart,* 440 F.3d 862 (7th Cir. 2006), and *Conrad v. Barnhart,* 434 F.3d 987 (7th Cir. 2006), cases in which the Seventh Circuit affirmed the district courts' denials of fees. In each of these cases, the disability claimant had prevailed in the district court primarily because of inadequate explanations by the ALJ of what might well have been a reasonable bottom-line decision to deny benefits. The court said in *Bassett*: "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." 641 F.3d at 860.

This case presents circumstances more akin to *Stewart* and *Golembiewski* than the latter cases. The issue on judicial review concerned the ALJ's evaluation whether Ms. Anthony met the requirements for listing 12.05C—one of the mental retardation listings. The ALJ's reason for rejecting listing 12.05C was explained perfunctorily—in one sentence in a footnote—and was contrary to other record evidence credited, and relied upon, by the ALJ for other findings. The Commissioner's brief in support of the decision denying benefits focused on the ALJ's steps four and five functional capacity determination, rather than whether the ALJ properly had evaluated whether the listing had been met, a step three issue. When it came to the listing's requirements, the Commissioner sought to salvage the ALJ's decision by relying on factual grounds missing from the ALJ's analysis, in violation of the *Chenery* principle that an agency's decision is tested on the grounds the ALJ used to support his decision and not on other grounds he theoretically could have chosen. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). The ALJ's perfunctory treatment of listing 12.05C resulted in a decision that was internally contradictory and could not

3

be defended on its own. The court finds that the Commissioner's position was not substantially justified.

**B.   The Commissioner has not challenged Ms. Anthony's counsel's itemized statement of fees.**

To support her request for an award of $6,890.40, Ms. Anthony submitted affidavits of her attorney testifying that he spent 39.6 hours at an hourly rate of $174.00 (calculated based on the statutory rate of $125.00 plus a percentage reflecting an increase in the cost of living from the time the $125 rate was established). The Commissioner has not objected to the number of hours claimed or the hourly rate requested, and the court perceives no reason to reject as unreasonable any of the hours or the hourly rate requested.

## Conclusion

Ms. Anthony's motion, as supplemented, for an award of attorneys' fees (Dkts. 40, 48) under the EAJA is GRANTED. The court awards to Ms. Anthony attorneys' fees under 28 U.S.C. §2412(d) in the amount of $6,890.40.

So ORDERED.

Date: ___04/12/2012___

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Joseph W. Shull
jshull@joeshull.com